# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**DONNA M. MANES,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0065** (BOR Appeal No. 2050639)
                      (Claim No. 2013021415)

**MCDOWELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna M. Manes, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McDowell County Board of Education, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed a July 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 14, 2015, decision denying the addition of lumbosacral musculoligamentous strain to the claim. In its Order, the Office of Judges also affirmed the claims administrator's June 18, 2014, decision denying authorization for an MRI of the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Manes, a cook, was injured on February 7, 2013, when she slipped and fell. Treatment notes from Tug River Health Associates, Inc., from that day indicate that she slipped and fell in the kitchen at work that morning. Ms. Manes reported that she fell onto her hands and knees and now had pain in her right knee and lower back. She was diagnosed with strain of the knee and leg and lumbago. The first report of injury, completed by the employer, states that the

1

claimant slipped on a wet floor, landed on her right knee, and injured her hip, knee, and lower back. The claim was held compensable for contusion of the knee and lower leg.

Ms. Manes was seen at Tug River Health Associates a variety of times following the compensable injury for routine check-ups and medication refills. There was no mention of back pain again until January 14, 2014, when she reported that her legs and lower back were getting worse and hurting more. She was diagnosed with lumbago, sciatica, pain in joint, and pain in pelvis region and thigh. X-rays were taken of the lumbar spine and hips.

Ms. Manes was referred to Robert Kropac, M.D., who noted on March 4, 2014, that she was asymptomatic until February 7, 2013, when she slipped and fell on a wet floor twisting her back. She was diagnosed with lumbosacral strain superimposed on a pre-existing T12 compression fracture. On April 15, 2014, she had no changes since her initial evaluation. Her pain was exacerbated by bending and stooping. She had pain in her lower back and legs, as well as numbness. On May 19, 2014, a lumbar x-ray showed chronic compression at T12 and osteoarthritic lumbar vertebral body lipping. X-rays of the hips showed bilateral degenerative disease.

On May 27, 2014, treatment records from Princeton Community Hospital emergency room indicate Ms. Manes reported increased pain, numbness, and tingling in her lower back and left leg since May 19, 2014. The numbness and pain were not new symptoms and had been gradually increasing; however, the incident made her condition much worse. She was diagnosed with acute lumbar strain and acute exacerbation of left thigh numbness. The claims administrator denied a request for an MRI of the lumbar spine on June 18, 2014.

On October 21, 2014, Ms. Manes testified in a deposition that she slipped and fell on February 7, 2013, and injured her right knee, hip, and lower back. She reported the injury to her employer immediately after it occurred and sought medical treatment. She stated that she continued to have problems with her lower back, hip, and legs. She sought treatment again when she developed numbness in her legs. On May 19, 2014, she was lifting a milk crate at work, felt pain in her lower back and hip, and dropped the crate. She stated that she had continuous problems since February 7, 2013, that were greatly exacerbated by the May of 2014 incident. Her pain eased in the summer when she did not work and could take her medication as needed. Her pain increased when she returned to work in August of 2013 because she had to do heavy lifting again. She had no back pain or problems prior to February 7, 2013. She stated that she has never fallen or been injured and does not know how her T12 fracture occurred.

Dr. Kropac also testified in a deposition on October 21, 2014. He stated that he treated Ms. Manes for her February 7, 2013, injury approximately a year after the injury occurred. He diagnosed lumbosacral strain, rule out lumbar disc herniation. Ms. Manes reported no history of lower back problems. He stated that he saw her over a year after her compensable injury occurred. He stated that he did not believe the T12 compression fracture was related to her fall, but it was possible it could have been. Though he did not think the compression fracture was related to the fall, Dr. Kropac testified that he did believe Ms. Manes injured her back at the time of the February 7, 2013 injury. She consistently reported pain and the way she fell could have

injured her back. Dr. Kropac admitted that he had none of her prior medical records upon which to base his opinions.

In a November 20, 2014, physician review, Rebecca Thaxton, M.D., recommended that lumbar sprain not be added to the claim. She noted that a treatment record from February 7, 2013, documented a slip and fall on that day and low back pain since that injury in the morning. However, on exam there was no tenderness and no objective evidence of a musculoligamentous lumbar strain. The treatment notes do not mention lower back pain again until January 14, 2014, when Ms. Manes was diagnosed with sciatica and lumbago.

Prasadarao Mukkamala, M.D., performed a record review on March 16, 2015, in which he opined that Ms. Manes sustained a left knee contusion as a result of the compensable injury. He opined that lumbosacral musculoligamentous sprain should not be added to the claim. He found that on the day of injury, Ms. Manes reported lower back pain on examination; however, there was no tenderness over the lower back or hips. She was diagnosed with lumbago, which is a symptom and not a diagnosis. There were no physical findings consistent with a lumbar sprain. A treatment note dated eleven days after the injury did not document back pain. No mention was made of back pain again until eleven months after the injury occurred.

The claims administrator denied the addition of lumbosacral musculoligamentous strain to the claim on January 14, 2015. On July 10, 2015, the Office of Judges affirmed the claims administrator's June 18, 2014, and January 14, 2015, decisions. The Office of Judges found that Ms. Manes reported knee, leg, and lower back pain when she fell on February 7, 2013, as noted in the first report of injury and a treatment note from Tug River Health Associates. On March 14, 2014, Dr. Kropac examined her and found subjective complaints consistent with nerve root instability, though there was no objective evidence. He diagnosed lumbosacral musculoligamentous strain superimposed on a T12 compression fracture. He requested a lumbar MRI to rule out disc herniation. The request was denied by the claims administrator which noted that the claim was approved for knee contusion only, no protest was filed, and the protest period has expired.

The Office of Judges noted that x-rays of the lumbar spine taken May 19, 2014, showed osteoarthritic lumbar vertebral body lipping. X-rays of the hips showed bilateral degenerative disease of the hips. In physician reviews, Drs. Thaxton and Mukkamala both concluded that lumbosacral musculoligamentous strain should not be added to the claim. Both physicians found that the lower back complaints were unrelated to the compensable fall. The Office of Judges found that while Dr. Kropac admitted that he had none of Ms. Manes's prior medical reports upon which to base his opinions, Drs. Mukkamala and Thaxton both reviewed the medical record before arriving at their conclusion. Their opinions were therefore found to be persuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Though Ms. Manes reported lower back pain immediately following her injury, the claim was only held compensable for knee contusion. That decision was not timely

3

protested. Ms. Manes did not seek treatment for or report back problems until eleven months after the compensable injury. Additionally, Dr. Kropac's opinion is not as reliable as that of Drs. Thaxton and Mukkamala as he did not review any of Ms. Manes's prior medical records and had only her account of the facts to base his opinion on.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II